

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

August 13, 2021

**VIA ECF**
Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Walsh v. Enterprise Holdings, Inc., et.al*. (21-CV-4187)

Your Honor:

      Defendants Enterprise Holdings, Inc., ("EHI"), EAN Holdings, ("EAN"), and Alamo Rent-A-Car, ("Alamo"), (collectively "Defendants" or "Enterprise Holdings")[1], in accordance with section III.A. of Your Honor's Individual Rules, respectfully request a pre-motion conference to address their intended Rule 12(b)(6) motion seeking dismissal, with prejudice, of Plaintiff's Complaint. *See*, Exhibit "1." In this action, Plaintiff claims that, in his ultimately successful quest to rent automobiles on two separate occasions, he was subjected to race discrimination by the various Defendants in violation of: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 2000a; (3) N.Y.C. Admin. Code § 8-107(4), and; (4) New York State Civil Rights Law § 40-c. Succinctly, Plaintiff's claims for relief are not plausible.

    **1.  Plaintiff Has Not Pled A Plausible Race Discrimination Claim Against Enterprise Holdings**

      Plaintiff's claims against Enterprise Holdings appear to be based on the fact that an agent at the Enterprise Rent-A-Car ("Enterprise") counter of ELRAC's JFK airport branch, following policy, did not rent him an automobile on February 22, 2021. *See*, Comp., at ¶¶ 37 – 43. "To survive a motion to dismiss, 'a complaint must contain sufficient factual matter … to state a claim to relief that is plausible on its face.'" *Akyar v. TD Bank US Holding Co.,* 2018 U.S. Dist. LEXIS 155789, * 4 (S.D.N.Y. Sept. 12, 2018) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "This standard demands 'more than a sheer possibility that a

---

[1] None of the named Defendants are proper parties in this action, as none had involvement with the alleged events. Both the Enterprise and Alamo rental counters at the JFK Airport branch are operated by ELRAC, LLC, which is a separately owned and operated subsidiary of Enterprise Holdings, Inc. Neither EHI nor EAN operated the branch at issue. Similarly, Alamo Rent-A-Car is a trade name with no independent corporate existence. Plaintiff served Alamo Rental (US) LLC, but Alamo Rental (US) LLC also is not the proper party in this action. Alamo Rental (US) LLC had no involvement with the alleged events. As stated, the branch at issue is operated by ELRAC, LLC, not Alamo Rental (US) LLC. Accordingly, to the extent any of Plaintiff's claims are viable, (which Defendants believe they are not), Plaintiff should dismiss EHI, EAN and Alamo from this lawsuit and name ELRAC, LLC as the proper corporate entity.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

August 13, 2021
Page 2

defendant has acted unlawfully.'" *Id.* (Quotation omitted). Moreover, "the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint." *Id.,* at * 6 (quotation omitted).

Here, Plaintiff's pleading profoundly misses this mark. Plaintiff alleges no direct evidence of racial animus. Instead, Plaintiff simply speculates that the Enterprise agent's conduct "was obviously motivated by racial bias." *Id.*, at ¶ 41.[2] However, within his Complaint, Plaintiff acknowledges that ELRAC's Enterprise agent advised him of its legitimate, race neutral, policy of not renting to walk-ups at the Enterprise counter of ELRAC's JFK airport location, *see*, Comp., at ¶ 39, (agent asking "if Plaintiff had a reservation") & ¶ 40 (agent stating "they don't do same day rentals").[3] In addition, Plaintiff admits that the Enterprise agent referred him to the Alamo rental counter, where he was able to rent a vehicle. *See,* Comp., at ¶ 40. Importantly, Alamo is one of Enterprise Holdings' brands, and the Alamo counter from which Plaintiff rented is also operated by ELRAC. It defies logic to conclude that ELRAC would discriminate against Plaintiff at one rental counter but send Plaintiff to another rental counter owned and operated by the same entity to successfully rent a vehicle.

Plaintiff also attempts to raise an inference of discrimination by pleading disparate treatment. In this regard, Plaintiff merely alleges that shortly after his interaction with ELRAC's Enterprise counter agent, he "witnessed a Caucasian family enter … and obtain a rental car with no issues." *Id*., at ¶ 43. However, to raise an inference of disparate treatment, "a plaintiff must show that he was 'similarly situated in all material respects to the individual[] to whom he seeks to compare himself.'" *Akyar, supra at * 9.* Indeed, "the comparators' circumstances need not be identical, but there must be a reasonably close resemblance of facts and circumstances. *Id.* Simply and solely alleging that the comparator was Caucasian, as Plaintiff has done, is insufficient to plausibly allege disparate treatment in this instance.[4]

Further, to the extent Plaintiff's claims against Enterprise Holdings are based on his supposed struggles in renting a car from Alamo on February 25, 2021, *see*, Comp., at ¶¶ 47 – 51, his pleadings fail to state a viable claim. "[T]he weight of authority requires plaintiffs to allege that they were actually prevented (rather than delayed), from completing a transaction, or at least forced to complete the transaction on different terms from non-minority customers. *Alexander v. JP Morgan Chase Bank, N.A*., 2021 U.S. Dist. LEXIS 52169, * 9 (S.D.N.Y. March 18, 2021) (citing*, e.g., Jackson v. Citirends Utica, New York,* U.S. Dist. LEXIS 98921, at *1 (N.D.N.Y June 5, 2020) (dismissing Section 1981 claim when Plaintiffs were able to complete their transaction with another cashier and thus not prevented from purchasing anything at the store);

---

[2] Plaintiff's speculative claim in this regard relies on the consistently rejected faulty syllogism that because he was denied a rental, and he is in a protected class, he therefore must have been denied the rental because of his protected status. *See, e.g.*, *Ochei v. The Mary Manning Walsh Nursing Home Co*., 2011 WL 744738, at * 3 (S.D.N.Y., March 11, 2011) (citing *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231 (2d Cir. 2002)); *see, also*, *Singer v. N.Y. City Health & Hosps. Corp*., 2020 U.S. Dist. LEXIS 96752, * 18 (E.D.N.Y., June 2, 2020).

[3] This allegation is true. ELRAC's policy at its JFK airport branch was, (and remains), that Enterprise does not rent automobiles to walk-ups, *i.e.,* those without a reservation, as Plaintiff was. ELRAC's policy does, on the other hand, permit Alamo to do same day, walk-up rentals.

[4] If Plaintiff alleged that this Caucasian individual, like him, was a walk-up without a reservation, then he would arguably have pled a plausible claim of discrimination. Plaintiff has not so pled, and to have done so would have to be an exercise in sheer speculation. Indeed, it is a facially ludicrous proposition that ELRAC's JFK branch, which services travelers arriving from across the Country and the world, would discriminate based upon one's race or ethnicity!

**RIVKIN RADLER** LLP

August 13, 2021
Page 3

*Benzinger v. NYSARC, Inc.,* New York City Chapter, 385 F. Supp. 3d 224, 234 (S.D.N.Y. 2019) ("[v]irtually all federal courts that have analyzed Section 1981 claims in the retail merchandise context have required the plaintiff show that he was actually prevented from making a purchase")).

Plaintiff acknowledges that after a short delay, he was able to rent a vehicle from Alamo on February 25. *See*, Comp., at ¶ 51. Accordingly, Plaintiff's claims for relief against Enterprise Holdings should be dismissed, with prejudice.

### 2. Plaintiff Has Not Pled A Plausible Claim Of Discrimination Against Alamo

As stated in Footnote 1, Alamo is not a proper party to this litigation. However, even assuming Alamo were a proper party, Plaintiff's Complaint does not establish any discriminatory treatment by Alamo. As stated above, Plaintiff acknowledges that he rented vehicles from ELRAC's Alamo counter on both February 22, 2021 and February 25, 2021 and that the Alamo agent was helpful. *Id.*, at ¶ 51. Accordingly, the claims against Alamo should be dismissed, with prejudice.

### 3. Plaintiff's Claim Based Upon A Violation of 42 U.S.C. § 2000a Is Not Plausible

Plaintiff's second claim for relief asserts a Title II claim of discrimination. *Id.*, at ¶¶ 60 – 66. Plaintiff does not plausibly allege a Title II discrimination claim. According to 42 U.S.C. § 2000a(b), a place of "public accommodation" is an establishment that falls into one of the following categories: "(1) a lodging for transient guests located within a building with more than five rooms for rent; (2) a facility principally engaged in selling food for consumption on the premises including such facilities located within retail establishment and gasoline stations; (3) any place of exhibition or entertainment; (4) any establishment located within an establishment falling into one of the first three categories, and which holds itself out as serving patrons of that establishment; or (5) any establishment that contains a covered establishment, and which holds itself out as serving patrons of that covered establishment." *Akyar, supra at \* 12 – 13* (quotation omitted). "Because Congress specified the establishments that constitute places of public accommodation under § 2000a, courts in this circuit apply the status to only those covered establishments." *Id., at \* 13* (quotation omitted). Accordingly, Enterprise Holdings' JFK branch is not a place of public accommodation under Title II.

For the following reasons, Defendants will seek the dismissal of Plaintiff's complaint, with prejudice.

Respectfully submitted,

RIVKIN RADLER LLP

*Kenneth A. Novikoff*

Kenneth A. Novikoff

# EXHIBIT "1"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ANDREW WALSH,

                              Plaintiff,

                -against-

ENTERPRISE HOLDINGS, INC., EAN HOLDINGS d/b/a
ENTERPRISE RENT-A-CAR, ALAMO RENT A CAR,
and JOHN and JANE DOE 1 through 5,

                             Defendants.
-----------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, ANDREW WALSH, a Black male, was at all times herein mentioned a resident of the County of Queens, State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, Defendant, **ENTERPRISE HOLDINGS, INC.**, is an American Holding company headquartered in Clayton, Missouri. It is the parent company of car rental companies- Enterprise Rent-A-Car, National Car Rental, Alamo Rent-A-Car, Philly Car Share, and Enterprise Car Share. The holding company was formed in 2009 as a result of Enterprise Rent-A-Car's 2007 acquisition of Vanguard Automotive Group, the parent company of National Car Rental and Alamo Rent-A-Car. Enterprise ranks as the largest car rental company in the United States.

3. Defendant, **EAN HOLDINGS d/b/a ENTERPRISE RENT-A-CAR**, (hereinafter known as "**ENTERPRISE RENT-A-CAR**") was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

4. Defendant, **ALAMO RENT A CAR**, (hereinafter known as "**ALAMO**") was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. Defendant, JOHN DOE, was and still is a citizen of the State of New York.

6. Defendant, JANE DOE, was and still is a citizen of the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ENTERPRISE RENT-A-CAR**, maintained a principal place of business in the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ENTERPRISE RENT-A-CAR**, conducted and carried on business in the State of New York.

9. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ENTERPRISE RENT-A-CAR**, transacted business within the State of New York.

10. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ENTERPRISE RENT-A-CAR**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ENTERPRISE RENT-A-CAR**, expected or should have reasonably expected its acts to have consequences in the State of New York.

12. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALAMO**, maintained a principal place of business in the State of New York.

13. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALAMO**, conducted and carried on business in the State of New York.

14. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALAMO**, transacted business within the State of New York.

15. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALAMO**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

16. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALAMO**, expected or should have reasonably expected its acts to have consequences in the State of New York.

17. At all times relevant and material herein, the defendants, **JANE AND JOHN DOE 1-5,** were officers, employees and agents of **ENTERPRISE RENT-A-CAR** and/or **ENTERPRISE HOLDINGS**.

18. On February 22, 2021, and at all times mentioned herein, Defendant, **ENTERPRISE RENT-A-CAR**, owned the premises located at 69 Federal Cir, Queens, New York.

19. On February 22, 2021, and at all times mentioned herein, Defendant, **ENTERPRISE RENT-A-CAR**, leased the premises located at 69 Federal Cir, Queens, New York.

20. On February 22, 2021, and at all times mentioned herein, Defendant, **ENTERPRISE RENT-A-CAR**, managed the premises located at 69 Federal Cir, Queens, New York.

21. On February 22, 2021, and at all times mentioned herein, Defendant, **ENTERPRISE RENT-A-CAR**, operated the premises located at 69 Federal Cir, Queens, New York.

22. On February 22, 2021, and at all times mentioned herein, Defendant, **ENTERPRISE RENT-A-CAR**, maintained the premises located at 69 Federal Cir, Queens, New York.

23. On February 22, 2021, and at all times mentioned herein, Defendant, **ENTERPRISE RENT-A-CAR**, supervised the premises located at 69 Federal Cir, Queens, New York.

24. On February 22, 2021, and at all times mentioned herein, Defendant, **ENTERPRISE RENT-A-CAR**, controlled the premises located at 69 Federal Cir, Queens, New York.

25. On February 22, 2021, and at all times mentioned herein, Defendant, **ALAMO**, owned the premises located at 308 Federal Cir Building, Queens, New York.

26. On February 22, 2021, and at all times mentioned herein, Defendant, **ALAMO**, leased the premises located at 308 Federal Cir Building, Queens, New York.

27. On February 22, 2021, and at all times mentioned herein, Defendant, **ALAMO** managed the premises located at 308 Federal Cir Building, Queens, New York.

28. On February 22, 2021, and at all times mentioned herein, Defendant, **ALAMO**, operated the premises located at 308 Federal Cir Building, Queens, New York.

29. On February 22, 2021, and at all times mentioned herein, Defendant, **ALAMO**, maintained the premises located at 308 Federal Cir Building, Queens, New York.

30. On February 22, 2021, and at all times mentioned herein, Defendant, **ALAMO**, supervised the premises located at 308 Federal Cir Building, Queens, New York.

31. On February 22, 2021, and at all times mentioned herein, Defendant, **ALAMO**, controlled the premises located at 308 Federal Cir Building, Queens, New York.

## JURISDICTION AND VENUE

32. This Court has original jurisdiction over this matter, exclusive of interest and cost.

33. Venue is set in Queens, as the situs of the subject occurrence.

34. Defendant, **ENTERPRISE RENT-A-CAR,** operates in and does business under the laws of the state of New York and is thus subject to the jurisdiction of its laws.

35. Defendant, **ALAMO,** operates in and does business under the laws of the state of New York and is thus subject to the jurisdiction of its laws.

FACTS

36. On or about February 22, 2021, Plaintiff, Mr. Walsh's, car was in the auto body shop and Mr. Walsh could not get an Uber to travel to his tattoo shop to commence a commissioned piece.

37. On or about February 22, 2021, Mr. Walsh then traveled to the Enterprise Rent-A-Car location at John F. Kennedy Airport (hereinafter referred to as "JFK"), in hopes of getting a rental car so he could travel to work.

38. On or about February 22, 2021, Mr. Walsh entered the Enterprise-Rent-A-Car located at JFK airport and inquired about getting the cheapest car that was available.

39. On or about February 22, 2021, defendant John Doe aggressively questioned Plaintiff about his boarding pass, and if Plaintiff had a reservation for a car, to which Plaintiff replied he did not and was just looking to get a rental so he could get to work.

40. On or about February 22, 2021, Defendant John Doe, dismissed Mr. Walsh stating in sum, "they don't do same day rentals and did not have any cheap rentals and he could go to Alamo for cheap cars".

41. In context, John Doe's conduct was obviously motivated by racial bias and animus.

42. Defendant John Doe ejected plaintiff from the premises without looking at his inventory, taking Mr. Walsh's credentials, or attempting to serve Mr. Walsh in any manner.

43. On or about February 22, 2021, after Defendant John Doe refused to service Mr. Walsh, Mr. Walsh then witnessed a Caucasian family enter the Enterprise Rent-A-Car and obtain a rental car with no issues. That family was able to procure a rental car from Enterprise Rent-A-Car when, in stark contrast, Mr. Walsh was told to leave.

44. Mr. Walsh thereafter went to Alamo, where he had to spend more time waiting on a line,

however, he was eventually able to receive a rental car. Plaintiff entered into an agreement to rent a Nissan Versa, for approximately three (3) days.

45. The denial of service, and additional time spent at Alamo caused Mr. Walsh to be extremely late for his client and he was not able to complete the tattoo scheduled for that day. Additionally, Mr. Walsh did not receive the full compensation he was scheduled to earn and had his reputation of being a reliable tattoo artist damaged.

46. On or about February 22, 2021, as Mr. Walsh was waiting for his rental car, he approached Defendant Jane Doe who was helping another Caucasian customer. Defendant Jane Doe apologized for Defendant John Doe's behavior. Mr. Walsh then asked for the contact information for the manager of the Enterprise Rent-A-Car, so he could file a formal complaint.

47. Upon information and belief Defendant Jane Doe informed Defendant John Doe of the impending complaint against him. It is believed that either Jane or John Doe then put a notation in Enterprise's file, blocking Mr. Walsh from further renting any vehicle from Enterprise Holding, Inc.

48. On or about February 25, 2021, Mr. Walsh called Alamo attempting to extend his Nissan Versa rental, but was told that it was a special vehicle, he could not extend the rental and would need to bring the car back to Alamo. Mr. Walsh thus traveled to JFK to return the rental and enter into another rental agreement for a different vehicle, as his car was still being fixed.

49. On or about February 25, 2021, and upon arriving to Alamo, Mr. Walsh was met with an agent who informed plaintiff that the Nissan Versa was not a special vehicle, and he should have been able to extend the rental over the phone as long as Alamo had a valid

credit card on file. Alamo did have Mr. Walsh's credit card on file, thus he should have been able to extend the rental over the phone.

50. Upon further investigation, the agent informed Plaintiff that there was a notation in his file, blocking him from any further rentals with Enterprise Holding Inc. companies, including Alamo. The Alamo agent that originally booked Mr. Walsh's Nissan Versa confirmed that he did not put any such notation in the file.

51. Mr. Walsh explained to the agent what occurred on February 22, 2021, and the agent was able to facilitate getting the block against Mr. Walsh removed.

52. Having unnecessarily traveled to JFK to return a rental that should have been extendable over the phone, had Mr. Walsh not been blocked by Defendant John and Jane Doe, caused Mr. Walsh to lose more time from work, compensation and further harmed his reputation in his course of employment. In addition, the humiliation and anguish Mr. Walsh faced due to Defendants discriminatory behavior inflected emotional distress on Mr. Walsh.

<u>AS AND FOR THE FIRST CAUSE OF ACTION VIOLATION OF THE RIGHT TO MAKE AND ENFORCE CONTRACTS, 42 U.S.C. § 1981</u>

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 inclusive, with the same force and effect as though more fully set forth at length herein.

54. Defendants, acting through their officers, employees and agents have engaged in practices which denied to Plaintiff, on account of race or color, the right to make and enforce contracts and by denying Plaintiff the same right to make and enforce contracts as is enjoyed by white citizens of the United States in violation of 42 U.S.C. § 1981.

55. As a result of Defendants' violation of 42 U.S.C. § 1981, ANDREW WALSH suffered severe humiliation and emotional distress.

56. As a result of Defendants' violation of 42 U.S.C. § 1981, ANDREW WALSH suffered damage to his professional reputation.

57. As a result of defendants' violation of 42 U.S.C. § 1981, ANDREW WALSH suffered economic damage, including decreased sales of his tattoo commissions and future commissions, due the negative publicity the subject incident caused.

58. Defendants have intentionally, deliberately, willfully and callously disregarded the Plaintiff's rights.

59. By reason of Defendants' discrimination, Plaintiff is entitled to all legal and equitable remedies available under 42 U.S.C. § 1981.

## AS AND FOR THE SECOND CAUSE OF ACTION VIOLATION OF PROHIBITION AGAINST DISCRIMINATION OR SEGREGATION IN PLACES OF PUBLIC ACCOMMODATION, 42 U.S.C. § 2000A

60. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 59 inclusive, with the same force and effect as though more fully set forth at length herein.

61. Defendants, acting through their officers, employees and agents have engaged in practices which denied to Plaintiff, on account of race or color, the right to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations in violation of 42 U.S.C. § 2000a.

62. As a result of Defendants' violation of 42 U.S.C. § 2000a., ANDREW WALSH suffered severe humiliation and emotional distress.

63. As a result of Defendants' violation of 42 U.S.C. § 2000a., ANDREW WALSH suffered damage to his professional reputation.

64. As a result of defendants' violation of 42 U.S.C. § 2000a., ANDREW WALSH suffered economic damage, including decreased sales of his tattoo commissions and future commissions, due the negative publicity the subject incident caused.

65. Defendants have intentionally, deliberately, willfully and callously disregarded the Plaintiff's rights.

66. By reason of Defendants' discrimination, Plaintiff is entitled to all legal and equitable remedies available under 42 U.S.C. § 2000a.

<u>AS AND FOR A THIRD CAUSE OF ACTION VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE, TITLE 8: CIVIL RIGHTS SECTION 8-107(4)</u>

67. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 66 inclusive, with the same force and effect as though more fully set forth at length herein.

68. Defendants, acting through their officers, employees and agents have engaged in practices which denied to Plaintiff, the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation; due to Plaintiff's actual or perceived race, creed, color, national origin… in violation of The New York City Administrative Code, Title 8: Civil Rights Section 8-107(4).

69. As a result of Defendants' violation of The New York City Administrative Code, Title 8: Civil Rights Section 8-107(4), ANDREW WALSH suffered severe humiliation and emotional distress.

70. As a result of Defendants' violation of The New York City Administrative Code, Title 8: Civil Rights Section 8-107(4), ANDREW WALSH suffered damage to his professional reputation.

71. As a result of defendants' violation of The New York City Administrative Code, Title 8: Civil Rights Section 8-107(4), ANDREW WALSH suffered economic damage, including decreased sales of his tattoo commissions and future commissions , due the negative publicity the subject incident caused.

72. Defendants have intentionally, deliberately, willfully and callously disregarded the Plaintiff's rights.

73. By reason of Defendants' discrimination, Plaintiff is entitled to all legal and equitable remedies available under The New York City Administrative Code, Title 8: Civil Rights Section 8-107(4).

## AS AND FOR A FOURTH CAUSE OF ACTION VIOLATION OF NEW YORK CIVIL RIGHTS LAW SECTION 40-C.

74. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 73 inclusive, with the same force and effect as though more fully set forth at length herein.

75. Defendants, acting through their officers, employees and agents have engaged in practices which denied to Plaintiff, full and equal accommodations, advantages,

facilities and privileges of any places of public accommodations, resort or amusement… in violation of New York Civil Rights Law Section 40-C.

76. As a result of Defendants' violation of New York Civil Rights Law Section 40-C ANDREW WALSH suffered severe humiliation and emotional distress.

77. As a result of Defendants' violation of New York Civil Rights Law Section 40-C ANDREW WALSH suffered damage to his professional reputation.

78. As a result of defendants' violation of New York Civil Rights Law Section 40-C ANDREW WALSH suffered economic damage, including decreased sales of his tattoo commissions and future commissions, due the negative publicity the subject incident caused.

79. Defendants have intentionally, deliberately, willfully and callously disregarded the Plaintiff's rights.

80. By reason of Defendants' discrimination, Plaintiff is entitled to all legal and equitable remedies available under New York Civil Rights Law Section 40-C.

**WHEREFORE**, Plaintiff demands that the following judgments in favor of the Plaintiff, **ANDREW WALSH**, awarding compensatory and punitive damages against the defendants, along with attorney's fees, for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the incident. Plaintiff demands a jury trial.

Dated: June 28, 2021
      Briarcliff Manor, New York

      Yours, etc.
      **ELEFTERAKIS, ELEFTERAKIS & PANEK**

      _____
      Gabriel P. Harvis, Esq.
      Attorneys for Plaintiff
      80 Pine Street, 38th Floor
      New York, N.Y. 10005
      (212) 532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF WESTCHESTER        )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and a partner in the law firm of Elefterakis, Elefterakis, & Panek, attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated:  June 28, 2021
        Briarcliff Manor, New York

_____
Gabriel P. Harvis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

ANDREW WALSH,

                Plaintiff,

    -against-

ENTERPRISE HOLDINGS, INC., EAN HOLDINGS d/b/a ENTERPRISE RENT-A-CAR, ALAMO RENT A CAR, and JOHN and JANE DOE 1 through 5,

                Defendants.

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

---

**Summons and Verified Complaint**

---

STATE OF NEW YORK, COUNTY OF WESTCHESTER, SS:

    Gabriel P. Harvis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

    I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: June 28, 2021
Briarcliff Manor, New York

                                                  Gabriel P. Harvis, Esq.

---

PLEASE TAKE NOTICE

( )    that the within is a (certified) true copy of a Notice of     entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon.    one of the Judges of the Settlement within named Court, on    , at

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005